**AKERMAN LLP**
Ellen S. Robbins (SBN 298044)
ellen.robbins@akerman.com
601 W. Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342
Attorney for Defendant
PURPLE INNOVATION, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASON JULIAN and ALEXANDER TAT, individually and on behalf of all other persons similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>PURPLE INNOVATION, LLC,<br><br>       Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA; DECLARATIONS OF MATT MEADS AND ELLEN ROBBINS IN SUPPORT THEREOF**<br><br>**[Class Action Fairness Act of 2005]**<br><br>(San Francisco Superior Court Case No. CGC-24-611689)<br><br>Complaint Filed: January 17, 2024 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................1

II. BACKGROUND ...................................................................................................................1

III. REMOVAL IS TIMELY .......................................................................................................2

IV. JURISDICTION .....................................................................................................................2

    A. Removal is Proper Because This Court Has Original Jurisdiction Over Plaintiffs' Claims Pursuant to CAFA ..........................................................................2

    B. This Action Meets CAFA's Definition of a Class Action ........................................3

    C. This Action Meets CAFA's Minimum Diversity Requirement ...............................3

    D. The Proposed Class Has More Than 100 Members..................................................4

    E. The Amount-in-Controversy Exceeds $5 Million ....................................................5

    F. The Primary Defendant Is Not A State, State Official, Or Other Governmental Entity..................................................................................................11

    G. All Other Requirements For Removal Are Satisfied ..............................................11

V. DIVISIONAL ASSIGNMENT..............................................................................................12

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. W. Marine Prods., Inc.*,
   958 F.3d 1216 (9th Cir. 2020) ...................................................................................................3

*Arias v. Residence Inn by Marriott*,
   936 F.3d 920 (9th Cir. 2019) .....................................................................................................5

*Bayol v. Zipcar, Inc.*,
   No. 14–cv–02483–THE, 2015 WL 4931756
   (N.D. Cal. Aug. 18, 2015)..........................................................................................................9

*Bryant v. NCR Corp.*,
   284 F. Supp. 3d 1147 (S.D. Cal. 2018).......................................................................................3

*Chavez v. JPMorgan Chase & Co.*,
   888 F.3d 413 (9th Cir. 2018) .................................................................................................5, 10

*Dart Cherokee Basin Operating Co. v. Owens*,
   574 U.S. 81 (2014).................................................................................................................3, 5

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
   899 F.3d 785 (9th Cir. 2018) ................................................................................................9, 10

*Gau v. Hillstone Rest. Grp., Inc.*,
   2021 WL 754536 (N.D. Cal. Feb. 26, 2021) .............................................................................6

*Greene v. Harley-Davidson, Inc.*,
   965 F.3d 767 (9th Cir. 2020) ...................................................................................................10

*Guerard v. CAN Fin. Corp.*,
   No. C 09-01801........................................................................................................................10

*Guglielmino v. McKee Foods Corp.*,
   506 F.3d 696 (9th Cir. 2007) ...................................................................................................10

*Hawkins v. Kroger Co.*,
   337 F.R.D. 518 (S.D. Cal. 2020) .............................................................................................10

*Ibarra v. Manheim Invs., Inc.*,
   775 F.3d 1193 (9th Cir. 2015) ...................................................................................................5

*Irving v. Lennar Corp.*,
   No. 2:12–CV–0290 KJM EFB, 2013 WL 4900402
   (E.D. Cal. Sept. 11, 2013).........................................................................................................7

*Johnson v. Columbia Props. Anchorage, LP*,
  437 F.3d 894 (9th Cir. 2006) ................................................................................................4

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) ..................................................................................5

*Kuxhausen v. BMW Fin. Servs. NA LLC*,
  707 F.3d 1136 (9th Cir. 2013) ................................................................................................7

*Lara v. Trimac Transp. Servs. (W.) Inc.*,
  2010 WL 3119366 (C.D. Cal. Aug. 6, 2010) .........................................................................5

*Pulaski & Middleman, LLC v. Google, Inc.*,
  802 F.3d 979 (9th Cir. 2015) ..................................................................................................7

*Razuki v. Nationstar Mortg., LLC*,
  No. 18-cv-03343-JD, 2020 WL 1478374
  (N.D. Cal. Mar. 26, 2020) ......................................................................................................4

*Ries v. Arizona Beverages USA LLC*,
  287 F.R.D. 523 (N.D. Cal. 2012) ...........................................................................................7

*United Food & Comm. Workers Local 1778 & Participating Employers Health & Welfare Fund v. Teikoku Pharma USA, Inc.*,
  74 F. Supp. 3d 1052 (N.D. Cal. Nov. 17, 2014) ....................................................................5

*Watkins v. Vital Pharms., Inc.*,
  720 F.3d 1179 (9th Cir. 2013) (en banc) ...............................................................................6

**Statutes**

28 U.S.C. § 1332 ................................................................................................................ passim

28 U.S.C. § 1441 ........................................................................................................1, 2, 3, 12

28 U.S.C. § 1453 .........................................................................................................................1, 2

28 U.S.C. § 1446 ................................................................................................................ passim

Cal. Civ. Code § 1709 ..................................................................................................................8

Cal. Civ. Code § 1780 ............................................................................................................9, 11

Cal. Code Civ. Proc. § 1021.5 ....................................................................................................11

California Business and Professions Code § 17200 ....................................................................7

California Business and Professions Code § 17500 ....................................................................7

California Code of Civil Procedure Section 338(a) ................................................................7, 8

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

California Code of Civil Procedure § 382 ...................................................................................3

**Rules**

Rule 23 of the Federal Rules of Civil Procedure ......................................................................3

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**PLEASE TAKE NOTICE** that Defendant Purple Innovation, LLC ("Purple") hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of San Francisco, to the United States District Court, Northern District of California. Purple alleges that it is entitled to removal pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 on the following grounds:

## I. INTRODUCTION

1. This Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), as this matter is a class action with more than 100 members in the putative class, between citizens of different states, the amount in controversy exceeds $5,000,000 exclusive of costs and interest, and Purple is not a state, state official, or other government entity. Accordingly, removal pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 is proper.

2. Indeed, Plaintiffs' Complaint alleges claims on behalf of a putative class of "thousands" of California consumers and puts over $90 million in controversy. There is no question that this case is removable.

## II. BACKGROUND

3. Purple is the sole named defendant in the civil action filed on or about January 17, 2024 by Plaintiffs Mason Julian ("Julian") and Alexander Tat ("Tat," and together, "Plaintiffs") in the Superior Court of the State of California, in and for the County of San Francisco, Case No. CGC-24-611689, entitled *Mason Julian et al. v. Purple Innovation, LLC* (the "State Court Action").

4. On January 31, 2024, Purple was served with copies of the Summons, Civil Case Cover Sheet, Class Action Complaint, and Notice of Case Management Conference. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all state court "process, pleadings, and orders" are attached as Exhibit A through F to the Declaration of Ellen Robbins ("Robbins Decl.").

5. Plaintiffs allege that Purple "artificially inflate[s] the prices of its Products for the sole purpose of marketing them at a discounted 'sale' price[]" to deceive customers into "believing that they are receiving a bargain[.]" (Robbins Decl. ¶ 3, Ex. A ("Complaint"), ¶ 30, 31). Plaintiffs further allege that Purple's sales tactics "are not offered in good faith and are made for the sole purpose of . . . inducing customers into purchasing products they otherwise would not have purchased." (*Id.* ¶ 33). They allege Purple is "aware that consumers typically lack material information about [their products] and often rely

on information from [Purple] when making purchasing decisions[.]" (*Id.* ¶ 30). Accordingly, Plaintiffs, on behalf of themselves and a putative California class, seek to end these (purportedly unlawful) practices and obtain monetary relief, punitive damages, injunctive relief, restitution, interest, attorneys' fees and costs. (*Id.* ¶ 61, 69, 89, 94, 100, Prayer for Relief). Plaintiffs specifically allege the following five claims on behalf of themselves and the Class: (1) violation of the Consumers Legal Remedies Act ("CLRA"); (2) violation of the False Advertising Law ("FAL"); (3) violation of the Unfair Competition Law ("UCL"); (4) fraud; and (5) unjust enrichment. (*Id.*)

### III. REMOVAL IS TIMELY

6. Notice of removal must be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading. 28 U.S.C. § 1446(b).

7. Purple was served with a copy of the initial pleading on January 31, 2024. (Robbins Decl. ¶ 7, Ex. E ("Proof of Service")). This notice of removal is therefore timely, as it is being filed before March 1, 2024.[1]

### IV. JURISDICTION

**A. Removal is Proper Because This Court Has Original Jurisdiction Over Plaintiffs' Claims Pursuant to CAFA**

8. Pursuant to L-R 3-5(a), this Court has original jurisdiction under CAFA. Under CAFA, a district court has original jurisdiction over any case where (1) the case is a putative class action; (2) any class member is a citizen of a state different from any defendant; (3) the proposed class consists of at least 100 members; (4) the aggregate amount in controversy exceeds $5,000,000, excluding interest and costs; and (5) the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. §§ 1332(d)(2), (d)(5), (d)(6).

9. Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *see also id.* § 1453(b) (authorizing removal of class actions). "[N]o antiremoval presumption attends cases invoking CAFA,

---
[1] March 1, 2024 is 30 days after January 31, 2024 (the date of service).

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

10. To remove a case from state court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Evidentiary submissions are not required. *Dart*, 574 U.S. at 83.

11. For the reasons described below, this action meets all of the CAFA requirements for original jurisdiction. Removal, therefore, is proper. *See* 28 U.S.C. § 1441.[2]

**B.    This Action Meets CAFA's Definition of a Class Action**

12. CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

13. Plaintiffs styled the Complaint as a "Class Action Complaint," and seek to certify a putative Class under the procedural rules governing such actions in California state court. This action, thus, falls within the definition of a class action under CAFA. *See, e.g.*, *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1150 (S.D. Cal. 2018) ("[T]here is no dispute the present action is a 'class action' under CAFA, as the action contains class allegations under California Code of Civil Procedure § 382.").

**C.    This Action Meets CAFA's Minimum Diversity Requirement**

14. CAFA's minimum diversity requirement is met as long as any class member and any defendant are citizens of different states, or any class member is a citizen of a U.S. state and any defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2)(A), (C). For the purposes of diversity

---

[2] Although Plaintiffs bear the burden of showing that an exception to CAFA jurisdiction applies, *see Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020), Purple notes that the "local controversy" and/or "home state" exceptions do not apply here. Under the local controversy exception, a district court is required to decline to exercise jurisdiction when more than two-thirds of the putative class members are citizens of the state where the action was filed, the principal injuries occurred in that same state, and ***at least one significant defendant is a citizen of that state***. 28 U.S.C. § 1332(D)(4)(A). Under the home state exception, a district court: (1) must decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, ***and the primary defendants, are citizens of the State in which the action was originally filed***[,]" 28 U.S.C. § 1332(d)(4)(B); and (2) "may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" when more than one-third of the putative class, ***and the primary defendants, are citizens of the state where the action was originally filed***. 28 U.S.C. § 1332(d)(3). As explained in Paragraph 14, Purple is a citizen of Delaware and Utah; it is not a citizen of California. Accordingly, these exceptions to CAFA jurisdiction do not and cannot apply.

under 28 U.S.C. § 1332, "LLCs have the citizenship of all of their owners/members." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006). A corporation is deemed to be a citizen of the U.S. state or foreign state where it is incorporated or has its principal place of business. *Id.* § 1332(c)(1).

15. Purple is, and, at the time Plaintiffs filed the Complaint, was, wholly owned by Purple Innovation, Inc. (Declaration of Matt Meads ("Meads Decl.") ¶ 3). Purple Innovation, Inc. is incorporated in Delaware and has its principal place of business in Utah. (*Id.*). Accordingly, Purple is a citizen of Delaware and Utah.

16. Plaintiffs are bringing a class action on behalf of consumers who purchased products in the State of California. (Complaint ¶ 40). Thus, Purple is diverse from members of the putative class, who are citizens of States other than Delaware and Utah.

17. Furthermore, at the time they filed the Complaint, Plaintiffs Julian and Tat were residents of the State of California. (Complaint ¶¶ 12, 16). Purple understands and alleges that Plaintiffs are citizens of the State of California. (Meads Decl. ¶ 4).

18. Thus, minimum diversity is satisfied for the additional reason that the named plaintiffs are citizens of a different state (California) from defendant (Delaware and Utah). 28 U.S.C. § 1332(d)(2)(A), (C).

### D. The Proposed Class Has More Than 100 Members

19. To qualify for original jurisdiction under CAFA, the putative class must contain at least 100 class members. 28 U.S.C. § 1332(d)(5)(B).

20. This requirement is satisfied because Plaintiffs allege that the purported class contains "thousands of consumers." (Complaint ¶ 42). *See Razuki v. Nationstar Mortg., LLC*, No. 18-cv-03343-JD, 2020 WL 1478374, at *2 (N.D. Cal. Mar. 26, 2020) ("[T]he amended complaint alleged a putative class numbering 'in the hundreds of thousands,' which satisfies the CAFA numerosity requirement.").

21. Furthermore, based on a review of Purple's books and records, the number of potential putative class members is well in excess of 100. Specifically, Purple sold 115,456 mattresses to individuals in California between January 17, 2021 and February 1, 2024. (Meads Decl. ¶ 5). For purposes of removal jurisdiction, each purchaser is a putative class member, as Plaintiffs have defined

the Class as "all consumers who purchased the Products during the applicable statute of limitations period . . . in California[.]" (Complaint ¶ 40).

### E. The Amount-in-Controversy Exceeds $5 Million[3]

22. CAFA authorizes removal of a class action where the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). The notice of removal satisfies this requirement where a removing party makes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. The "amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis in original). "The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). The amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them." *Arias*, 936 F.3d at 927; *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's Complaint, not what a defendant will *actually* owe.") (emphasis in original); *Lara v. Trimac Transp. Servs. (W.) Inc.*, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010) ("The amount in controversy is not the same as the amount ultimately recovered."). Because there is a presumption in favor or removal, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89.

23. Purple denies the allegations raised in the Complaint, and Plaintiffs' entitlement to any relief, monetary or otherwise. Nonetheless, the Complaint has unquestionably placed more than $5,000,000 in controversy.

24. "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red*

---

[3] Plaintiffs allege a cause of action for "unjust enrichment." (Compl. ¶¶ 95-100). However, courts "in the Northern District have expressly held that unjust enrichment is not an independent cause of action." *See United Food & Comm. Workers Local 1778 & Participating Employers Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, 74 F. Supp. 3d 1052, 1091 (N.D. Cal. Nov. 17, 2014).

*Cab Co.*, 303 U.S. 283, 288 (1938)). "[T]he defendant may demonstrate that 'it is "facially apparent" from the complaint that the jurisdictional amount is in controversy.'" *Gau v. Hillstone Rest. Grp., Inc.*, 2021 WL 754536, at *6 (N.D. Cal. Feb. 26, 2021) (citing *Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "In that situation, the Court assumes the truth of the allegations of the plaintiff's complaint." *Gau*, 2021 WL 754536, at *6. Here, it is facially apparent from the Complaint that more than $5 million is being put in controversy.

25. **Violation of the False Advertising Law.** Plaintiffs allege that Purple falsely represented its products were on sale, and/or falsely represented its products were a certain percentage off the typical price. (Complaint ¶ 66). According to the Complaint, this conduct violated the FAL because Purple "never offered the Products at the advertised strike-through price[,]" which "misled consumers by creating a false impression that the Products were of a higher value and worth more than their actual worth." (*Id.*) Accordingly, Plaintiffs seek an injunction, "restitution of all monies paid to [Purple] as a result of its deceptive practices[,]" interest, and attorneys' fees and costs. (Complaint ¶ 69, Prayer ¶¶ (c), (f)).

26. According to the Complaint, Plaintiff Julian "relied on [Purple's] false, misleading, and deceptive representations . . . [insofar as] he would not have purchased the Product, or ***would not have paid as much for the Product***, had he known [Purple's] representations were not true." (Complaint ¶ 14) (emphasis added). Plaintiff Tat makes the same allegation. (*Id.* ¶ 18).

27. The amount in controversy for CAFA jurisdiction purposes includes restitution. *See Watkins v. Vital Pharms., Inc.*, 720 F.3d 1179, 1180 (9th Cir. 2013) (en banc).

28. Here, Plaintiff Julian alleges he purchased a Purple Mattress for a sale price of $1,299.00, with a strike-through price of $1,399.00 (representing a purportedly "fake" $100 discount). (Complaint ¶ 13). Similarly, Plaintiff Tat alleges he purchased a Purple Mattress for a sale price of $1,079.00, with a strike-through price of $1,399.00 (representing a purportedly "fake" $320 discount). (*Id.* ¶ 17). Both Plaintiffs claim to be typical representatives of the California Class, (*id.* ¶ 44), which they allege contains "thousands of consumers." (*Id.* at ¶ 42). Both Plaintiffs further allege they "would not have paid as much for [Purple's products]" but for the alleged deception. (*Id.* at ¶¶ 14, 18).

29. The amount of each Class Member's purportedly "fake" discount is a fair measure of restitution, as Plaintiffs allege they would not have paid as much for Purple's products but for the alleged deception. (Complaint ¶¶ 14, 18). Stated otherwise, an equitable method for measuring restitution would be the difference between what Plaintiffs claim they were deceived into paying, versus what they would have paid without Purple's purportedly deceptive practices. The Ninth Circuit has endorsed this type of restitution. *See, e.g.*, *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 989 (9th Cir. 2015) ("FAL restitution is based on what a purchaser would have paid at the time of purchase had the purchaser received all the information."). An exact calculation is not required. *Id.* ("In calculating . . . restitution, California law 'requires only that some reasonable basis of computation of damages be used, and the damages may be computed even if the result reached is an approximation.'") (citation omitted).

30. Given that Plaintiffs allege their claims and circumstances are typical of the Class, a "typical" putative Class Member's purportedly "fake" discount (*i.e.*, the difference between the purchase price of a Purple Mattress and the strike-through price) would be $210.[4] Moreover, given that Purple sold 115,456 mattresses to individuals in California between January 17, 2021 and February 1, 2024,[5] (Meads Decl. ¶ 5), the amount of restitution in controversy is $24,245,760 ($210 x 115,456 mattress sales during the Class Period).[6] This, alone, is sufficient to meet the amount in controversy requirement. Purple further notes that Plaintiffs contend the company violated the FAL by misrepresentations as to *all* of its "Products" – which the Complaint defines as all "merchandise available on [Purple's]

---

[4] Plaintiff Julian's "fake" discount was allegedly $320, and Plaintiff Tat's "fake" discount was allegedly $100. ($320 + $100) / 2 = $210 per putative Class Member.

[5] There is some dispute as to whether a three-year or four-year statute of limitations applies to a FAL claim under Business & Professions Code section 17500. Compare *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 534 (N.D. Cal. 2012) ("Claims under the [California False Advertising Law] are governed by the three-year statute of limitations set forth in California Code of Civil Procedure Section 338(a)."); with *Irving v. Lennar Corp.*, No. 2:12–CV–0290 KJM EFB, 2013 WL 4900402 at *10 (E.D. Cal. Sept. 11, 2013) ("The statute of limitations for actions under California Business and Professions Code §§ 17200 and 17500 is four years."). For purposes of conservative valuation, Purple has selected a three-year statute of limitation in its removal calculations.

[6] If the Court does not accept this methodology, which it must, the amount of restitution put at issue is *at least* $4,200,000. Plaintiffs claim there are "thousands" of consumer-class members whose claims are typical of Plaintiffs. The Ninth Circuit has held that "[n]o investigation, 'subjective knowledge,' or 'further inquiry' [is] necessary for a defendant to understand that 'hundreds [of class members],' by definition, means at least 200." *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). By analogy, "thousands" would mean at least 2,000, and $210 x 2,000 = $4.2 million.

website[.]" (Complaint ¶ 3).  Between January 17, 2021 and February 1, 2024, Purple sold 663,248 "Products" to consumers in California, which means the amount in controversy is far in excess of $24,245,760.  (Meads Decl. ¶ 5).

31.  **Fraud.**  Plaintiffs allege that Purple "failed to disclose material facts about its sales practices" for the purpose of "inducing consumers to make purchases they otherwise would not have made." (Complaint ¶ 92).  Plaintiffs further allege that Purple's alleged omissions caused them and Class Members to purchase Purple products.  (*Id.* ¶ 93).  Accordingly, Plaintiffs seek monetary damages.  (*Id.* ¶ 94, Prayer, ¶ (d)).

32.  Under California law, "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." Cal. Civ. Code § 1709. "One defrauded in the purchase . . . of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction, including . . . [a]mounts actually and reasonably expended in reliance upon the fraud." *Id.* § 3343(a).  Thus, the measure of damages for Plaintiffs' fraud claim is the amount of each Class Member's "discount," given Plaintiffs allege they would not have paid as much for [Purple's products]" but for the alleged fraud. (Complaint ¶¶ 14, 18).

33.  Given that Purple sold 115,456 mattresses to individuals in California between January 17, 2021 and February 1, 2024,[7] (Meads Decl. ¶ 5), the amount of damages in controversy is $24,245,760 ($210 x 115,456 sales during the Class Period).

34.  **Violation of the Consumers Legal Remedies Act.**  Plaintiffs allege that Purple violated the CLRA by: (1) advertising goods or services with the intent not to sell them as advertised; and (2) making false or misleading statements of facts concerning the reasons for, existence of, or amount of price reductions.  (Complaint ¶¶ 56-58).  Moreover, Plaintiffs allege that Purple engaged in these violations by conforming its actions to its "policies, acts, and practices . . . [that] were intended to . . . result in the sale of [Purple's] Products."  (*Id.* ¶ 56).  Accordingly, Plaintiffs seek an injunction,

---

[7] The statute of limitations for a fraud claim is three years.  *See* Cal. Code Civ. Proc. § 338(a).

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

(Complaint ¶¶ 56-68, Prayer ¶ (c)), which is permitted by Cal. Civ. Code § 1780(a)(2) ("Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain . . . [a]n order enjoining the methods, acts, or practices.").

35.  The amount in controversy for CAFA jurisdiction purposes "includes . . . the costs of complying with an injunction." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). By its nature, the cost of complying with an injunction is often difficult to estimate. Nonetheless, courts may determine the amount put in controversy vis-à-vis an injunction "from . . . the . . . defendant's 'viewpoint.'" *Bayol v. Zipcar, Inc.*, No. 14–cv–02483–THE, 2015 WL 4931756, at *10 (N.D. Cal. Aug. 18, 2015) (citation omitted). While Purple has not calculated the potential costs of complying with an injunction, and denies that injunctive relief is appropriate, Plaintiff has put additional money at issue vis-à-vis the CLRA claim.

36.  **Violation of the Unfair Competition Law.** Plaintiffs allege that Purple violated the UCL by representing its products were on sale, and/or representing its products were a certain percentage off the typical price in violation of the CLRA, FAL, and federal regulations. (Complaint ¶¶ 75, 76). Plaintiffs further allege Purple's conduct constituted "unfair" and "fraudulent" conduct under the UCL. (*Id.* ¶¶ 84, 86). Accordingly, Plaintiffs seek injunctive relief. (*Id.* ¶¶ 89, Prayer ¶ (c)).

37.  As stated above, the amount in controversy for CAFA jurisdiction purposes "includes . . . the costs of complying with an injunction." *Fritsch*, 899 F.3d at 793. While Purple has not calculated the potential costs of complying with an injunction, and denies that injunctive relief is appropriate, Plaintiff has put additional money at issue vis-à-vis the UCL claim.

38.  **Punitive Damages.** Plaintiffs seek an award of "punitive damages" in the Complaint. (Prayer ¶ (e)). The CLRA permits the recovery of punitive damages. *See* Cal. Civ. Code § 1780(a)(4) ("Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain . . . [p]unitive damages."). Plaintiffs may also recover punitive damages in connection with their fraud claim. *See id.* § 3294(a) ("In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been

guilty of . . . fraud . . ., the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.")  For purposes of removal jurisdiction, the amount in controversy may include punitive damages.  *Chavez*, 888 F.3d at 416.

39.  "[A] defendant that relies on potential punitive damages to satisfy the amount in controversy under CAFA meets that requirement if it shows that the proffered punitive/compensatory damages ratio is reasonably possible.  One way to establish that possibility is to cite a case involving the same or a similar statute in which punitive damages were awarded based on the same or higher ratio."  *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 773 (9th Cir. 2020).  The Ninth Circuit has recognized that a 1:1 ratio of compensatory to punitive damages is reasonably possible for claims under the CLRA.  *Id.* at 772.  Courts have also recognized that a 1:1 *or higher* ratio of compensatory to punitive damages is reasonably possible for fraud claims.  *See Guerard v. CAN Fin. Corp.*, No. C 09-01801 SBA, 2009 WL 10710608, at *4 (N.D. Cal. July 31, 2009) ("[I]n California, a 3 to 1 ratio of punitive damages to actual damages is constitutional.") (citation omitted).

40.  Even assuming a conservative 1:1 ratio, Plaintiffs' punitive damages request with respect to fraud puts an additional $24,245,760 in controversy.

41.  **Attorneys' Fees.**  Plaintiffs further requests attorneys' fees to the extent recoverable by law. (Complaint ¶¶ 8, 69, Prayer ¶ (f)).  When a party seeks to recover attorneys' fees provided for by statute, these fees—including future fees—are included in the amount in controversy to reach CAFA's $5,000,000 minimum.  *Fritsch*, 899 F.3d at 794 ("Because the law entitles [plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy [in a removal under CAFA]"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).   Although the Ninth Circuit has rejected a per se rule estimating fees as 25% of the total damages award, *Fritsch*, 899 F.3d at 796, awards of 25% or higher are common in consumer class actions.  *Id.* (noting that the Ninth Circuit had estimated reasonable attorneys' fees in common fund cases to be 25% of total recovery); *Hawkins v. Kroger Co.*, 337 F.R.D. 518, 532 (S.D. Cal. 2020), *reconsideration denied*, 2020 WL 8225732 at *1-2 (S.D. Cal. Dec. 29, 2020) (applying 25% and 32% for attorney's fees in a CLRA case to find that plaintiff had established CAFA's amount-in-controversy in original jurisdiction case).

42. The CLRA authorizes the recovery of reasonable attorneys' fees. *See* Cal. Civ. Code § 1780(e) ("The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section."). Attorneys' fees are also authorized by, e.g., Cal. Code Civ. Proc. § 1021.5.

43. Assuming that Plaintiffs are able to recover attorneys' fees equal to 25% of the amounts set forth above for their claims, the amount of attorneys' fees in controversy is at least $18,184,320 (($24,245,760 [FAL]) + (24,245,760 [fraud]) + (24,245,760 [punitive damages]) x 25%).

44. **Total Amount in Controversy**

45. Based on the above, Plaintiffs have put well above $5 million in controversy through their claims for compensatory damages, restitution, injunctive relief, attorneys' fees, and punitive and exemplary damages:

| Claim | Amount in Controversy |
|---|---|
| Violation of False Advertising Law | $24,245,760 |
| Fraud | $24,245,760 |
| Punitive Damages | $24,245,760 |
| Attorneys' Fees | $18,184,320 |
| **Total** | **$90,921,600** |

F. **The Primary Defendant Is Not A State, State Official, Or Other Governmental Entity**

46. A federal court does not have jurisdiction under CAFA where the primary defendants are states, state officials, or other government entities. 28 U.S.C. § 1332(d)(5)(A).

47. Purple is an LLC – not a state, state official or other government entity. (Complaint ¶ 20; Meads Decl. ¶ 3).

48. For the foregoing reasons, all of the requirements for original jurisdiction under CAFA are satisfied.

G. **All Other Requirements For Removal Are Satisfied**

49. Upon filing the Notice of Removal, Purple will furnish written notice to Plaintiffs' counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of San Francisco County, pursuant to 28 U.S.C. § 1446(d).

50. True and correct copies of all of the process, pleadings, and orders served on defendant in the State Court Action are attached to the Robbins Decl. as Exhibits A through F, as required by 28 U.S.C. § 1446(a).[8]

51. Removal to this district court is proper because this is the district that embraces the county in which plaintiffs filed the State Court Action. 28 U.S.C. § 1441(a).

## V.  DIVISIONAL ASSIGNMENT

52. Pursuant to L-R 3-2(c) and (d) and 3-5(b), this case should be assigned to the San Francisco or Oakland Division.

WHEREFORE, Purple prays that the State Court Action be removed from state court to this Court and that this Court assume jurisdiction over the action and determine it on the merits.

DATED: February 22, 2024                **AKERMAN LLP**

By: */s/ Ellen S. Robbins*
 Ellen S. Robbins
 *Attorneys for Purple Innovation, LLC*

---

[8] Purple has not yet filed an answer or otherwise responded to Plaintiffs' Complaint in the State Court Action. (Robbins Decl. ¶ 9). Accordingly, the documents attached as Exhibits A through F to the Robbins Declaration constitute all process, pleadings, and orders received in the State Court Action.